VIA EMAIL catriona.m.coppler@usdoj.gov AND USPS OVERNIGHT
July 19, 2021

Catriona Coppler, Esq.
US Department of Justice
Tax Division
Civil Trial Section, Eastern Region
P.O. Box 227
Washington, D.C. 20044

    Re: *UNITED STATES vs. MELIADO*
        CASE NO.: 2:18-CV-111387-MCS-LDW (D.N.J.)

Dear Ms. Coppler:

Please find enclosed the fully executed documents with respect to the above entitled matter. I will provide the bank account information for the payments via e-mail later this week.

Please contact me if you should have any questions or require any additional information.

Very truly yours,

Donald J. Meliado Jr.
DJM/kbo
Enc.

**Exhibit**
B



**U.S. Department of Justice**

**Tax Division**
*Civil Trial Section, Eastern Region*

DAH:DSM:CMCoppler
DJ 5-48-22730
CMN 2017102169

P.O. Box 227          Telephone: 202-514-5153
Washington, D.C. 20044   Telecopier: 202-514-6866

July 13, 2021

*Via Email*

Jacqueline and Donald Meliado
115 Pawnee Road
Cranford, New Jersey 07016
dmeliado@aol.com

      Re:    *United States v. Meliado, et al.*
             Case No. 2:18-cv-111387-MCS-LDW (D.N.J.)

Dear Mr. and Ms. Meliado:

    Pursuant to our discussions on June 9, 2021, the United States understands the terms of your offer in compromise to be as follows:

1. Within ten days after notification of the acceptance of this offer, the Meliados will execute the attached Agreed Judgment in favor of the United States and against the Meliados in the amount of $377,009.46, as of June 14, 2021, plus all interest and statutory additions permitted by law for the outstanding joint income tax liabilities described in the Second Amended Complaint, and against Mr. Donald Meliado in the amount of $37,237.44 as of June 14, 2021, plus all interest and statutory additions permitted by law for the outstanding trust fund recovery penalties as described in the Second Amended Complaint.

2. The Meliados agree that the United States may file a judgment lien against their residence at 115 Pawnee Road, Cranford, New Jersey ("Real Property"). The Meliados agree that such judgment lien can be used to collect any tax liability at issue in this proceeding against the both of their interests in the whole house for both the income tax liabilities and the trust fund penalty liabilities at issue in this suit should the Meliados default on any of the terms of this settlement agreement.

3. To secure this offer, the Meliados will execute an agreed order of sale within ten days after notification of the acceptance the offer in compromise. The United States

1

will not file the agreed order of sale so long as the Meliados are in compliance with the terms of the settlement agreement. In the event of a failure to comply with any terms of the settlement agreement, the United States may immediately file the agreed order of sale with the Court.

4. With respect to their joint income tax liabilities, the Meliados agree to pay $330,000 plus all interest permitted by law in monthly installments of $3,000. The first payment will be made by the first day of the month sixty days following the government's acceptance of the offer in compromise and succeeding payments will be made by the first of each succeeding month.

5. With respect to Mr. Meliados trust fund recovery penalties, Mr. Meliado agrees to pay $35,000 plus all interest permitted by law. He will pay this amount in the following manner:

   a. Mr. Meliado will submit two checks to the United States for $2,309.77 each. The first check will be submitted within thirty days following the government's acceptance of the offer in compromise, and the second will be submitted within sixty days following the government's acceptance of the offer in compromise; and

   b. Mr. Meliado will begin making monthly installment payments of $500. The first payment will be made by the first day of the month sixty days following the government's acceptance of the offer in compromise and succeeding payments will be made by the first of each succeeding month.

6. All installment payments will be made through the Pay.Gov online payment service's ACH electronic fund transfer. The Meliados will establish the automatic payment account within ten days of notification of the acceptance the offer in compromise.

7. If the Meliados wish to supplement the installment payments with additional amounts, they may do so at any time by submitting checks directly to the Department of Justice, Tax Division. The Meliados may designate the tax and tax period they wish for the supplemental payments to be applied. Otherwise, the United States may apply the supplemental payments to any of the tax liabilities at issue in this litigation.

8. If the Meliados pay the full amounts set forth in paragraphs 4 and 5, the United States shall file a satisfaction of judgment with the Court. At that time, the United States will authorize and request the Service to release the federal tax liens securing the tax liabilities at issue in this litigation.

9. In the event the Meliados miss a payment, they will be permitted thirty days after notification in writing to cure the default by submitting a check to the Department of Justice, Tax Division for the amount of the missed payment.

10. In the event of a default, which the Meliados fail to cure in accordance with paragraph 9, the United States shall retain all amounts paid and shall have the right to collect the entire balance remaining on the Agreed Judgment. The United States shall be permitted to enforce the Agreed Judgment by any and all legal means, including, but not limited to, filing the agreed order of sale with the Court.

11. Each party shall bear their respective attorneys' fees and costs, as well as any other expenses of litigation.

We understand that your compromise offer is made in full settlement of the issues in this case. Please advise in writing whether the foregoing comports with your understanding of this offer by signing and dating the "Acknowledgement" below and returning to this office by **July 20, 2021**.

Your offer will be processed in accordance with our usual procedure. Final action will be taken by the Attorney General, or an official designated by him for this purpose. We are sure you understand that until you receive a formal notice of acceptance from this office, the Department of Justice is in no way committed to a settlement.

If you have any questions, please call me at (202) 514-5153.

Sincerely yours,

**CATRIONA COPPLER**
Digitally signed by CATRIONA COPPLER
Date: 2021.07.13 13:59:41 -04'00'

CATRIONA M. COPPLER
Trial Attorney
Civil Trial Section, Eastern Region

**ACKNOWLEDGMENT**:

_____  Date: 7/19/21
DONALD MELIADO

_____  Date: 7/19/21
JACQUELINE MELIADO

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,  )
                           )
    Plaintiff,              )
                           )   Case No. 2:18-cv-11387-MCA-LDW
    v.                     )
                           )
DONALD J. MELIADO, JR., *et al.*,  )
                           )
    Defendants.             )
_____)

**AGREED JUDGMENT**

The Court has determined that judgment should be entered consistent with settlement agreement between Plaintiff, the United States of America, and Defendants Jacqueline and Donald Meliado. Accordingly, it is hereby ORDERED that:

1. With respect to the unpaid federal employment tax liabilities of Meliado & Meliado, Defendant Donald J. Meliado is indebted to the United States for the unpaid balance of the trust fund recovery penalties assessed against him for the fourth quarter of 2007, fourth quarter of 2008, all quarters of 2009, all quarters of 2010, all quarters of 2011, and the first quarter of 2012, in the amount of $37,237.44 as of June 14, 2021, along with statutory interest and additions accruing after that date according to law until the judgment is paid in full.

2. Defendants Jacqueline and Donald Meliado are indebted to the United States for the unpaid balance of their joint income tax liabilities for the 2005, 2007, and 2010 through 2014 tax years in the total amount of $377,009.46, as of June 14, 2021, along with all statutory interest and additions accruing after that date according to law until the judgment is paid in full.

3. The federal tax lien provided by 26 U.S.C. § 6321 attaches to all property and rights to property of Jacqueline and Donald Meliado, including, but not limited to, their interest in the real property located at 115 Pawnee Road, Cranford, New Jersey.

4. Each party shall bear their respective attorneys' fees and costs, as well as any other expenses of litigation.

SEEN AND AGREED BY:

*Counsel for Plaintiff:*

Date: _____

DAVID A. HUBBERT
Acting Assistant Attorney General

_____
CATRIONA M. COPPLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-514-5153 (v)
202-514-6866 (f)
Catriona.M.Coppler@usdoj.gov

*Pro Se Defendants Jacqueline and Donald Meliado:*

Date: 7/19/2⌇

_____
JACQUELINE MELIADO
115 Pawnee Road
Cranford, New Jersey 07016

_____
DONALD J. MELIADO, JR.
115 Pawnee Road
Cranford, New Jersey 07016

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD J. MELIADO, JR., *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Case No. 2:18-cv-11387-MCA-LDW |

### AGREED ORDER OF SALE

The Court now ORDERS that the real property located at 115 Pawnee Road, Cranford, New Jersey (the "Real Property"), and legally described in the deed as:

> ALL that certain tract, lot and parcel of land situate in the Township of Cranford, County of Union and State of New Jersey, being more particularly described as follows:
>
> BEGINNING at a point in the southerly sideline of Pawnee Road distant 358.62 feet westerly from the intersection formed by the southerly sideline of Pawnee Road with the westerly sideline of Springfield Avenue and running thence:
>
> (1) South 02 degrees 29 minutes 20 seconds East 120.00 feet to a point; thence
> (2) South 87 degrees 30 minutes 40 seconds West 90.00 feet to a point; thence
> (3) North 02 degrees 29 minutes 20 seconds West 120.00 feet to a point; thence
> (4) North 87 degrees 30 minutes 40 seconds East 90.00 feet to a point and place of BEGINNING.
>
> The above description is based upon a survey made by M.R. Mastrangelo and Associates, dated September 1, 1992.
>
> BEING also known as Lot 13 in Block 117 on the current Tax Map of the Township of Crawford.
>
> BEING the same property conveyed to the grantors herein by Deed from Walter L. Baker and E. Grace Bake, his wife, dated July 3, 1955, recorded on July 7, 1955, in the Office of the Union County Register at Deed Book 2199, Page 176.

1

Be sold under 28 U.S.C. §§ 2001 and 2002, to satisfy the lien as follows:

1. The Internal Revenue Service ("IRS") through its Property Appraisal and Liquidation Specialist ("PALS"), is authorized to offer for public sale and to sell the Real Property.

2. The terms of the sale are as follows:

   a. The sale of the Real Property shall be free and clear of the interest and claim of Jacqueline and Donald Meliado and all other parties to this suit;

   b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Real Property, and easements and restriction of record, if any;

   c. The Real Property shall be sold by public auction at a time and place situated in Cranford, New Jersey, either on the premises itself or at any other place in accordance with the provision of 28 U.S.C. §§ 2001 and 2002, to be announced by PALS after first being advertised once each week for four (4) consecutive weeks preceding the time fixed for such sales in a daily newspaper of general circulation in Union County, New Jersey, and by any other notice that PALS, in its discretion, deems appropriate. The notice of sale shall contain a description of the Real Property and shall contain the terms and conditions of sale in this Order and Decree;

   d. PALS shall set the minimum bid for the Real Property. If the minimum bid is not met or exceeded, PALS may, without further permission of this Court,

and under the terms and conditions in this Order of Sale, hold a new public sale, if necessary, and reduce the minimum bid;

e.  At the time of the sale, the successful bidder(s) shall deposit with PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the District of New Jersey, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this Order of Sale;

f.  The successful bidder(s) shall pay the balance of the purchase price for the Real Property within sixty (60) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the District of New Jersey shall be given to PALS who will deposit the funds with the clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to any of the liabilities of Jacqueline and Donald Meliado at issue herein. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury." The Real Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder;

   g. The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's interest bearing registry account for distribution pursuant to further Order of this Court;

   h. The sale of the Real Property shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service shall execute and deliver its deed conveying the Real Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Real Property that are held or asserted by all parties to this action are discharged and extinguished;

   i. When this Court confirms the sale, the Recording Official of the Office of the County Clerk of Union, New Jersey, shall cause transfer of the Real Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law; and

   j. The sale of the Real Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

  3. Until the Real Property is sold, the Meliados shall take all reasonable steps necessary to preserve the Real Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Real Property. The Meliados shall neither commit waste against the Real Property, nor cause or permit anyone else to do so. The Meliados shall neither do anything that tends to reduce the value or marketability of the Real Property nor cause or permit anyone else to do so. No person shall record any instruments, publish any notice, or

take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Real Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

    4.    All persons occupying the Real Property shall vacate the Real Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Real Property). If any person fails or refuses to vacate the Real Property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service is authorized and directed to take any and all necessary actions, including, but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

    5.    Any personal property remaining on the Real Property 30 days after the date of this Order is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. Checks for the purchase of the personal property shall be made out to the Clerk of the Court for the District of New Jersey and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

6. Pursuant to the Judgment in this case, as of June 14, 2021, the United States has a total interest of $414,246.90, plus lien costs and statutory interest and additions accruing on that amount after that date.

7. Pending the sale of the Real Property and until the deed to the Real Property is delivered to the successful bidder, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Real Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Real Property.

8. After the Court confirms the sale, and absent any showing to the contrary, the sale proceeds deposited with the Clerk of the Court shall be distributed in the following order of priority:

    a. First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

    b. Second, to any taxing authority or purchasers of tax certificates for any real property taxes or special assessments due and owing with interest calculated to the estimated date of the confirmation of sale;

    c. Third, to the plaintiff, the United States of America for application to the unpaid federal tax assessment made against Jacqueline and Donald Meliado for the tax periods at issue, up to the amount of $414,246.90 as of June 14, 2021, plus all accrued statutory penalties, additions, and interest; and

      d.      Fourth, if the United States' claim is paid in full and there are any funds remaining, the Meliados shall have the opportunity to assert a claim to any remaining funds.

IT IS SO ORDERED.

SIGNED this _____, day of _____, 20_____.

_____
UNITED STATES DISTRICT JUDGE

SEEN AND AGREED BY:

*Counsel for Plaintiff:*

Date: _____

DAVID A. HUBBERT
Acting Assistant Attorney General

_____
CATRIONA M. COPPLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-514-5153 (v)
202-514-6866 (f)
Catriona.M.Coppler@usdoj.gov

*Pro Se Defendants Jacqueline and Donald Meliado:*

Date: 7/9/21

_____
JACQUELINE MELIADO
115 Pawnee Road
Cranford, New Jersey 07016

_____
DONALD J. MELIADO, JR.
115 Pawnee Road
Cranford, New Jersey 07016