IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-cv-11387-MCA-LDW |
| DONALD J. MELIADO, JR., *et al.*, | ) |
| Defendants. | ) |

## AGREED ORDER OF SALE

The Court now ORDERS that the real property located at 115 Pawnee Road, Cranford, New Jersey (the "Real Property"), and legally described in the deed as:

> ALL that certain tract, lot and parcel of land situate in the Township of Cranford, County of Union and State of New Jersey, being more particularly described as follows:
>
> BEGINNING at a point in the southerly sideline of Pawnee Road distant 358.62 feet westerly from the intersection formed by the southerly sideline of Pawnee Road with the westerly sideline of Springfield Avenue and running thence:
>
> (1) South 02 degrees 29 minutes 20 seconds East 120.00 feet to a point; thence
> (2) South 87 degrees 30 minutes 40 seconds West 90.00 feet to a point; thence
> (3) North 02 degrees 29 minutes 20 seconds West 120.00 feet to a point; thence
> (4) North 87 degrees 30 minutes 40 seconds East 90.00 feet to a point and place of BEGINNING.
>
> The above description is based upon a survey made by M.R. Mastrangelo and Associates, dated September 1, 1992.
>
> BEING also known as Lot 13 in Block 117 on the current Tax Map of the Township of Crawford.
>
> BEING the same property conveyed to the grantors herein by Deed from Walter L. Baker and E. Grace Bake, his wife, dated July 3, 1955, recorded on July 7, 1955, in the Office of the Union County Register at Deed Book 2199, Page 176.

**Exhibit C**

Be sold under 28 U.S.C. §§ 2001 and 2002, to satisfy the Plaintiff's liens securing the payment of their unpaid federal tax liabilities as follows:

1. The Internal Revenue Service ("IRS") through its Property Appraisal and Liquidation Specialist ("PALS"), is authorized to offer for public sale and to sell the Real Property.

2. The terms of the sale are as follows:

   a. The sale of the Real Property shall be free and clear of the interest and claim of Jacqueline and Donald Meliado and all other parties to this suit;

   b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Real Property, and easements and restriction of record, if any;

   c. The sale of the Real Property will be by public auction under mail-in bid, proxy bid, or via in-person auction at the courthouse of the county or city in which the Real Property is located, on the premises of the Real Property, or at the applicable PALS Post of Duty;

   d. The PALS shall announce the date and time for sale and shall provide the Meliados no less than 30 days written notice of the date, time, and place of the scheduled sale;

   e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Union County, New Jersey, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall

contain a description of the subject property and shall contain the terms and conditions of the sale on this Order of Sale;

f. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, PALS may, without further permission of this Court, and under the terms and conditions in this Order of Sale, hold a new public sale, if necessary, and reduce the minimum bid;

g. At the time of the sale, the successful bidder(s) shall deposit with PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the District of New Jersey, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by PALS in the published Notice of Sale. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this Order of Sale;

h. The successful bidder(s) shall pay the balance of the purchase price for the Real Property within sixty (60) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the District of New Jersey shall be given to PALS who will deposit the funds with the clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to any of the liabilities of Jacqueline and Donald Meliado at issue herein. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury." The Real Property shall be again

3

offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder;

    i.    The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's interest bearing registry account for distribution pursuant to further Order of this Court;

    j.    The sale of the Real Property shall be subject to confirmation by this Court. On confirmation of the sale, the PALS shall execute and deliver its deed conveying the Real Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Real Property that are held or asserted by all parties to this action are discharged and extinguished;

    k.    When this Court confirms the sale, the Recording Official of the Office of the County Clerk of Union, New Jersey, shall cause transfer of the Real Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law; and

    l.    The sale of the Real Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

    3.    Until the Real Property is sold, the Meliados shall take all reasonable steps necessary to preserve the Real Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Real Property. The Meliados shall neither commit waste against the Real Property, nor cause or permit anyone else to do so. The Meliados shall neither do anything that tends to reduce the value or marketability of the Real Property nor cause

4

or permit anyone else to do so. No person shall record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Real Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4. All persons occupying the Real Property shall vacate the Real Property permanently within 30 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Real Property). If any person fails or refuses to vacate the Real Property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service is authorized and directed to take any and all necessary actions, including, but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

5. Any personal property remaining on the Real Property 30 days after the date of this Order is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. Checks for the purchase of the personal property shall be made out to the Clerk of the Court for

the District of New Jersey and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

6. Pending the sale of the Real Property and until the deed to the Real Property is delivered to the successful bidder, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Real Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Real Property.

7. Pursuant to the Judgment in this case, as of June 14, 2021, the United States has a total interest of $414,246.90, plus lien costs and statutory interest and additions accruing on that amount after that date.

8. After the Court confirms the sale, and absent any showing to the contrary, the sale proceeds deposited with the Clerk of the Court shall be distributed in the following order of priority:

    a. First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

    b. Second, to any taxing authority or purchasers of tax certificates for any real property taxes or special assessments due and owing with interest calculated to the estimated date of the confirmation of sale;

    c. Third, to the plaintiff, the United States of America for application to the unpaid federal tax assessment made against Jacqueline and Donald Meliado for the tax periods at issue, up to the amount of $414,246.90 as of June 14, 2021, plus all accrued statutory penalties, additions, and interest; and

    d.    Fourth, if the United States' claim is paid in full and there are any funds remaining, the Meliados shall have the opportunity to assert a claim to any remaining funds.

IT IS SO ORDERED.

SIGNED this _____, day of _____, 20\_\_\_\_\_.

_____
UNITED STATES DISTRICT JUDGE

SEEN AND AGREED BY:

*Counsel for Plaintiff:*

Date: 2/27/2025

*Pro Se Defendants Jacqueline and Donald Meliado:*

Date: _____

~~DAVID A. HUBBERT~~
~~Deputy Assistant Attorney General~~

*Gokce T. Yurekli*
GOKCE T. YUREKLI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
*Attorney for the United States of America*

_____
JACQUELINE MELIADO
115 Pawnee Road
Cranford, New Jersey 07016

_____
DONALD J. MELIADO, JR.
115 Pawnee Road
Cranford, New Jersey 07016