Elliott J. Almanza, Esquire (017542012)
**GOLDENBERG, MACKLER, SAYEGH, MINTZ,**
**PFEFFER, BONCHI & GILL**
*A Professional Corporation*
660 New Road, Suite No. 1-A
Northfield, New Jersey 08225
(609) 646-0222    FAX (609) 646-0887
*Attorneys for Defendant US Bank Cust BV Trst 2015-1*
*(Our File No. 70830-1)*

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **DONALD J. MELIADO, JR., JACQUELINE V. MELIADO,** and **US BANK CUST BV TRST 2015-1**, <br><br> Defendants. | HON. MADELEINE COX ARLEO <br><br> No. 2:25-cv-11925 (MCA) (LDW) <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT US BANK CUST BV TRST 2015-1** |

Defendant US Bank Cust BV Trst 2015-1 ("Defendant"), with address c/o Goldenberg, Mackler, Sayegh, Mintz, 660 New Road, Suite 1-A, Northfield, NJ 08225, files this answer to Plaintiff's complaint:

**JURISDICTION AND VENUE**

1. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

2. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

**PARTIES**

3. Admitted.

4. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

5. Admitted.

## FACTUAL BACKGROUND

6. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

7. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

8. Denied to the extent Plaintiff believes it could bind non-signatory Defendant to the terms of the 2021 Agreed Order of Sale. As to the remainder of the allegations, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity, and leaves Plaintiff to its proofs.

9. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

10. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

11. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

12. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

13. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

14. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

15. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

16. Denied to the extent Plaintiff believes it could bind non-signatory Defendant to the terms of the 2021 Agreed Order of Sale. As to the remainder of the allegations, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity, and leaves Plaintiff to its proofs.

## COUNT I: BREACH OF SETTLEMENT AGREEMENT

17. Defendant incorporates by reference all prior responses made in Paragraphs 1 through 16.

18. These allegations are not directed at Defendant, thus no response is necessary. To the extent one is necessary, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

19. These allegations are not directed at Defendant, thus no response is necessary. To the extent one is necessary, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

20. These allegations are not directed at Defendant, thus no response is necessary. To the extent one is necessary, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

21. These allegations are not directed at Defendant, thus no response is necessary. To the extent one is necessary, Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

## COUNT II: ENTRY OF ORDER OF SALE

22. Defendant incorporates by reference all prior responses made in Paragraphs 1 through 21.

23. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

24. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

25. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs.

26. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of this allegation, and leaves Plaintiff to its proofs

27. Admitted that Defendant claims an interest in the subject property by virtue of a super-priority municipal tax lien, N.J. Stat. Ann. §54:5-9.

28. Denied to the extent that Plaintiff is entitled to have "the proceeds of sale distributed as agreed to in the order," as Defendant has priority over Plaintiff's interest.

## AFFIRMATIVE DEFENSES

1. Defendant's tax sale certificate has priority over Plaintiff's interest and must be satisfied in full as a first-position lien out of any sale proceeds, *see* N.J. Stat. Ann. §54:5-9; 26 U.S.C. §6323(b)(6).

2. Defendant cannot be bound by the terms of the Agreed Order of Sale where Defendant was not a signatory thereto or a party to the action giving rise to same.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint, together with costs of suit, counsel fees and any other relief deemed just and equitable.

                                                                       Respectfully submitted,

**Dated**: October 20, 2025        BY:   /s/ *Elliott J. Almanza, Esq.*
                                                           Elliott J. Almanza, Esq. (NJ ID #017542012)
                                                           **GOLDENBERG, MACKLER, SAYEGH,**
                                                           **MINTZ, PFEFFER, BONCHI & GILL**
                                                           660 New Road, Suite 1-A
                                                           Northfield, NJ 08225
                                                           (609) 646-0222 (t)
                                                           (609) 646-0887 (f)
                                                           E-mail: ealmanza@gmslaw.com
                                                           **Attorneys for Defendant US Bank Cust**
                                                           **BV Trst 2015-1**

## CERTIFICATION OF SERVICE

      The undersigned does hereby certify that on this 20th day of October 2025, a true and complete copy of this document was served on the following via the Court's CM/ECF system and/or by USPS regular mail and certified mail RRR:

Gokce T. Yurekli
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044

Donald J. Meliado, Jr.
Jacqueline V. Meliado
115 Pawnee Road
Cranford, NJ 07016

**Dated**: October 20, 2025        BY:   /s/ *Elliott J. Almanza, Esq.*