### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:25-cv-11925 ) |
| DONALD J. MELIADO, JR., JACQUELINE V. MELIADO, and US BANK CUST BV TRST 2015-1, | ) ) ) ) ) |
| Defendants. | ) ) |

## JOINT DISCOVERY PLAN

1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

    a. The United States brought this action to enforce its tax liens against real property owned by taxpayers/defendants Donald J. Meliado and Jacqueline Meliado and to enter an agreed order of sale that was previously agreed to by them but not entered by the Court in a prior civil action. The United States also named as a party US Bank Cust BV Trst 2015-1 which has a tax sale certificate on the property.

    b. The Meliados filed an answer to the complaint arguing the following defenses: failure to state a claim, waiver doctrine, equitable estoppel, doctrine of unclean hands, laches, and breach of the underlying agreement.

    c. US Bank Cust BV Trst 2015-1 filed an answer to the complaint arguing the following defenses: its tax sale certificate has priority over the United States' interest and that it cannot be bound by terms of the Agreed Order where it is not a

     signatory of.

2. Settlement discussions have not taken place.

3. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by December 10, 2025.

4. Describe any discovery conducted other than the above disclosures. The US Bank has provided copy of its lien and redemption worksheet.

5. Describe any motions any part may seek to make prior to the completion of discovery. None at this time.

6. The parties propose the following:

    a. Discovery is needed on the following subjects: facts related to the United States' breach of contract claim and the resulting damages and the fruitfulness of the defenses asserted by the defendants.

    b. Discovery should <u>not</u> be conducted in phases.

    c. Number of interrogatories by each party to each other party: <u>25.</u>

    d. Number of depositions to be taken by each party: <u>5.</u>

    e. Plaintiff's expert report due on <u>30 days from completion of expert discovery</u>.

    f. Defendant's expert report due on <u>30 days from completion of expert discovery</u>.

    g. Motions to Amend or to Add Parties to be filed by <u>December 31, 2025</u>.

    h. Dispositive motions to be served within <u>45</u> days of completion of discovery.

    i. Factual discovery to be completed by <u>April 10, 2026</u>.

    j. Expert discovery to be completed by <u>May 10, 2026</u>.

    k. Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: <u>None at this time.</u>

    l. A pretrial conference may take place on <u>30 days after dispositive motions are filed.</u>

    m. Trial by jury or non-jury Trial? <u>Non-jury trial.</u>

    n. Trial date: <u>30 days after pretrial conference</u>.

7. The parties do not anticipate any discovery problems at this time.

8. The parties may conduct depositions virtually. The parties may also need discovery involving Electronically Stored Information ("ESI") and stipulate to the following provisions:

    a. The parties consent to electronic service of discovery requests and responses via email.

    b. The parties should take affirmative steps to coordinate with potential custodians and preserve all information that may be reasonably related to this action.

    c. The parties agree to exchange documents in a native format, if possible, with all metadata preserved. Where native format is unavailable or impracticable, or documents exist solely in a physical hard-copy format, the parties may exchange documents in a .pdf format. If producing email, the parties should also produce the attachments in the email and any requested metadata.

    d. Documents may be transmitted by email, or by uploading to the Justice Enterprise File Sharing ("JEFS") program or another secure, online drop box.

    e. The parties agree that the production of materials, inadvertent or otherwise, shall not be deemed a waiver of attorney-client privilege or work product protection in this proceeding, or in any other federal or State proceeding.

    f. Each party shall bear its own cost of preservation, production, and restoration of

      digital discovery.

   g. The following categories of ESI need not be preserved:

      i. Deleted, slack, fragmented, or other data only accessible by forensics.

      ii. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

      iii. Online access data such as temporary internet files, history, cache, cookies, etc.

      iv. Data in metadata fields that are frequently updated automatically.

      v. Back-up data that are substantially duplicative of data accessible elsewhere.

      vi. Server, system or network logs.

      vii. Data remaining from systems no longer in use unintelligible on systems in use.

      viii. Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

9. This case is not appropriate for bifurcation.

10. The parties do not consent to the trial being conducted by a Magistrate Judge.

*(Signature blocks on following page.)*

<u>*/s/ Gokce T. Yurekli*</u>
Gokce T. Yurekli
*Counsel for the United States of America*


<u>*/s/ Elliott J. Almanza*</u>
Elliott J. Almanza, Esq.
*Attorney for Defendant US Bank Cust BV Trst 2015-1*


<u>*/s/ Donald J. Meliado*</u>
Donald J. Meliado, *pro se defendant*


<u>*/s/ Jacqueline V. Meliado*</u>
Jacqueline V. Meliado, *pro se defendant*